This motion grows out of a suit between William J. McCoy and his wife, Mildred M. McCoy, for divorce. The husband sued the wife for divorce on the ground of adultery, and the court decided in the husband's favor. The case was more than usually unsavory, and the woman's conduct was shown to be anything but proper.
During the pendency of the divorce proceedings, the defendant, Mildred McCoy, was indicted with her paramour, one Flournoy, whom she afterwards married, for adultery. They were brought before a jury and convicted. It was shown that the woman drank, created disturbances and was absolutely unfit to have the custody of the child, a daughter five years old. I therefore awarded the custody of the child to the father, but granted a right of visitation on the part of the mother. This, she wantonly abused, making scenes at *Page 117 
the house and frightening the child into a serious nervous condition. These facts being presented to me by affidavits, and after hearing counsel, I directed that the decree be modified, denying her any right of visitation. Her own father and mother made affidavits as to her character and conduct, testified against her and urged the court not to permit her to have access to the child. She now applies to this court for a renewal of this right of visitation.
Under normal circumstances, a mother, in the first place, would have the custody of a child of such tender years, that is, five years old, and even if the court denied this she would be allowed reasonable access to the child. But this is an extreme and abnormal case, and all those who have any knowledge of the facts and circumstances unite in saying that the mother should not be allowed to see the child.
The welfare of the child should, after all, be first considered, and I am convinced that it would do the child no good, and would probably do her harm, if the mother were allowed to visit her. The affidavits show that she now has a good home with her grandmother, who was formerly a nurse and understands thoroughly the upbringing of a child; that the father is in every way a respectable man, and has ample means to take care of his daughter.
The mother has now married her former paramour, and it may be that she has begun a different and more respectable manner of life. However, at present I cannot see my way clear to modify in any way the decrees and orders I have hitherto made. It may be that hereafter, on proper proofs that she has for some time led a proper life, I may consider a modification, but I cannot do so at present, harsh as this decision ordinarily might seem.
 I shall therefore deny the motion. *Page 118